UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY DOWELL BAILEY, JR., #194330, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-187 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNKNOWN SKYTTA, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights lawsuit filed by a state prisoner, Plaintiff Jerry Bailey. Defendants filed a motion for summary judgment. (ECF No. 30.) Bailey filed his response, and later filed a motion to supplement his response (ECF No. 50). The magistrate judge issued a report recommending that both motions be granted. (ECF No. 55.) Bailey filed objections. (ECF No. 56.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

A. Motion to Supplement (ECF No. 50)

The magistrate judge recommended the Court accept Bailey's supplemental response. (R&R at 11 PageID.717.) Neither party objected to this recommendation.

B. Motion for Summary Judgment (ECF No. 30)

Bailey alleges an Eighth Amendment claim against four defendants. The magistrate judge summarized the elements for a claim under the Eighth Amendment. (R&R at 5-6 PageID.711-12.) Bailey does not specifically object to any of the conclusions of law. Bailey makes two Eighth Amendment claims. First, Defendant Skytta splashed contaminated water on Bailey and in Bailey's cell. Second, Skytta deprived Bailey of running water and meals for several days. According to the complaint, Skytta turned off Bailey's water after 8:30 p.m. on July 21. (ECF No. Compl. ¶ 7 PageID.7.) Skytta then took Bailey's breakfast and lunch (presumably on July 22) and refused to turn the water back on. (*Id.*) According to Bailey, Syktta instructed the other officers not to turn the water on. (*Id.*) Bailey pleads he went without water and most of his food from July 21 through July 25, 2017. (*Id.* ¶ 11 PageID.9.) At his deposition, he clarified that his water was turned back on and working on July 26. (ECF No. 34 Bailey Dep. at 48 PageID.531.) He also clarified that he started receiving his meals by dinner on July 24. (*Id.* at 46-47 PageID.529-30.)

1. Defendants Lesatz, Marshall and Petaja

The magistrate judge concluded that Defendants Lesatz, Marshall and Petaja could not be held liable for violating the Eighth Amendment. The three individuals did not learn about the water problem until July 25. (ECF No. 16-3 Grievance Dated 8/29/17

PageID.141.) Bailey started receiving food later that day. (Bailey Dep. at 46-47 PageID.529-30.) Another officer, Williams, tried to turn the water on that same day, but could not because the valve had been stripped. (Bailey Dep. at 47 PageID.530.) The faucet was fixed and Bailey had his water restored by July 26. (*Id.* at 48 PageID.531.) On these facts, even if these three defendants "ignored" Bailey's pleas on July 25, they cannot be held liable for depriving Bailey of food and water. Bailey's objections that concern these three defendants are OVERRULED.

### 2. Defendant Skytta

#### a. Contaminated Water

For an Eighth Amendment claim, the plaintiff must show both an objective and a subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The magistrate judge concluded Bailey had not established the objective element because Bailey had not put forth any evidence that he suffered as a result of Skytta's actions.

On this claim, Bailey's objections are OVERRULED. Judge Aleta Trauger considered a similar claim where the prisoner brought a claim against a guard for failing to protect him from a different prisoner who threw feces at the plaintiff. *Driver v. Tennessee Dep't of Corrs.*, No. 3:11-cv-108, 2011 WL 1322904, at *2 (M.D. Tenn. Apr. 5, 2011) (collecting cases). Judge Trauger explained that "[a]lthough the plaintiff's allegations describe a disgusting and unfortunate incident, these allegations fall short of asserting conditions that state a violation of the Eighth Amendment." *Id.* Judge Trauger concluded the claim had to be dismissed because the plaintiff had not established any physical injury. *Id.* *3.

#### b. Denial of Meals

The magistrate judge concluded that the meals Bailey missed were not sufficient to establish an Eighth Amendment claim. Bailey objected.

Bailey's objection is OVERRULED. Taking the evidence in the light most favorable to Bailey, he missed all of his meals on July 22 and July 23. He missed two meals on July 24 and he started getting his meals by dinner that night. Based on the authority cited in the R&R, missing 8 meals, while concerning, does not raise an Eighth Amendment claim.

### c. Denial of Water

The magistrate judge concluded that the lack of access to water in his cell was not sufficient to state an Eighth Amendment claim. Bailey objected.

Bailey's objection is OVERRULED. Taking the evidence in the light most favorable to Bailey, his water was shut off after 8 p.m. on July 21. It was not turned on until July 26. However, he received food by the evening of July 24, and that food came with a beverage. (Bailey Dep. at 34 PageID.524.) As part of his objection, Bailey contends he is allergic to milk which comes with dinner, but has not supported that assertion with any evidence. The Court also notes that the housing unit records show that Bailey showered on July 23 and July 25. (ECF No. 31-6 PageID.501.) Assuming that showers are not located in the cell, Bailey had access to water on those days, even if the water in his cell was turned off.

For these reasons, the Report and Recommendation (ECF No. 55) is **ADOPTED** as the Opinion of this Court. Plaintiff's motion to supplement (ECF No. 50) is **GRANTED).** Defendants' motion for summary judgment (ECF No. 30) is **GRANTED.** Accordingly, the remaining claims in this lawsuit are DISMISSED. **IT IS SO ORDERED.**

Date: February 5, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge